KLYTIA CORP. v. UNITED STATES

No. 5505.—Invoices dated Levallois, Perret, France, July 12, 1929, etc.
Certified July 17, 1929, etc.
Entered at New York, August 1, 1929, etc.
Entry No. 4743, etc.

(Decided on remand (Abstract 46280) November 19, 1941)

No appearance for plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

WALKER, Judge: These appeals to reappraisement, listed in schedule A hereto attached and made a part hereof, are before me on remand from the second division of this court, to which the same had been remanded by the United States Court of Customs and Patent Appeals in accordance with its decision rendered June 30, 1941, in the case of *United States* v. *Klytia Corporation*, 29 C. C. P. A. (Customs) 109, C. A. D. 178.

All of the cases herein involve importations and appraisements which took place prior to the enactment on July 12, 1932, of H. J. Res. 336 (47 Stat., part 1, c. 473, p. 657), concerning the procedure to be followed in connection with appraisement of merchandise entered under so-called duress entries under the provisions of section 503 (b) of the Tariff Act of 1930. Under the rules laid down by the Court of Customs and Patent Appeals prior to the enactment of that resolution appraisement was required to be held in abeyance until the test case named in the certificates filed in connection with the entry under section 503 (b), *supra*, was decided. *United States* v. *Friedlaender*

*Co.*, 19 C. C. P. A. 334, T. D. 45498. That was not done in the present instance, and instead appraisements of the merchandise covered by the various shipments were made by the appraiser, from which in due time the present appeals to reappraisement were taken.

In deciding the test case named in the certificates filed with the entries covered by the appeals here involved, i. e., the *Klytia* case, *supra*, the Court of Customs and Patent Appeals pointed out that the procedure to be followed under and subsequent to the enactment of H. J. Res. 336, *supra*, differed from the rule laid down in the *Friedlaender Co.* case, but that in view of the fact that the importations and appraisements herein took place prior to the enactment of that resolution the rule to be followed was that of the *Friedlaender Co.* case. The court, on this point, said:

We have regarded that act [H. J. Res. 336] as binding upon the court in all cases arising subsequent to its passage but we have not regarded it as retroactive in character. *United States* v. *Claflin*, 97 U. S. 546, 548. Therefore, inasmuch as the rules announced by the majority in the several cited cases were the controlling rules at the time of the importations and appraisements here involved, we are of opinion that, under the facts appearing, they should have been applied in the instant case; that it was incumbent upon the local appraiser to suspend his appraisement in the duress cases until the final determination of the test case, and that the importer was not required to take appeals in those cases. Such being the situation, it must be held that the local appraiser's appraisements in the duress cases were premature and invalid, and it must also be held that those cases were never properly before the tribunals of the Customs Court for decision on their merits and hence the appeals as to them should have been dismissed on the ground that the appraisements were invalid. This should now be done, and the future procedure should be governed by the rule laid down in the *Friedlaender Co.* case, *supra*, * * *.

The order of remand of the Second Division contains the following with respect to the cases before me.

* * * and all reappraisements herein other than 97410–A are hereby remanded to the trial court with instructions to dismiss the appeals on the ground the original appraisements therein are premature and invalid, to the end that valid appraisements therein be made in accordance with the decision of the appellate court in the test case, No. 97410–A.

In harmony with the foregoing, I hold that the merchandise covered by these cases, having been entered under so-called duress entries pending reappraisement under the provisions of section 503 (b) of the Tariff Act of 1930 prior to the passage of H. J. Res. 336, *supra*, was not subject to appraisement prior to the final decision in the test case, and that the appraisements made herein were therefore premature and null and void. Since the appraisements appealed from were invalid the appeals to reappraisement herein must be dismissed to the end that valid appraisements of the merchandise may be made.

Judgment will issue accordingly.